IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01272–PAB–KMT

JOE SOUTHWELL,

 Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY COMPANY, a foreign corporation,

 Defendant.

## ORDER

 Before the court is Defendant's "Motion to Strike [4] Complaint Pursuant to Fed. R. Civ. P. 12(f)."  (["Motion"], Doc. No. 16.)  Plaintiff has responded in opposition to the Motion, and Defendant has replied.  (["Response"], Doc. No. 19; ["Reply"], Doc. No. 21.)  For the following reasons, the Motion is DENIED.

### STATEMENT OF THE CASE

 In this case, Plaintiff Joe Southwell ["Southwell"] has sued his automobile insurance provider, Defendant Allstate Property and Casualty Company ["Allstate"], to recover underinsured motorists ["UIM"] benefits.  (["Complaint"], Doc. No. 4 at ¶¶ 102, 101-104, 106.) According to the Complaint, on June 2, 2017, while travelling through the intersection of Rockrimmon Boulevard and North Nevada Avenue in Colorado Springs, Colorado, a third-party driver ran a red light and "collided" into Plaintiff's vehicle.  (*Id.* at ¶¶ 5, 7-14.)  Southwell claims

to have sustained unspecified physical injuries from the collision, as well as "emotional trauma." (*Id.* at ¶¶ 19, 23, 114.)  At the time of the collision, Southwell reportedly held a policy with Allstate, which included UIM coverage.  (*Id.* at ¶ 101.)  According to the Complaint, in the aftermath of the collision, Plaintiff filed a bodily injury claim with the third-party driver's insurance company, and notified Allstate of a "potential" UIM claim.  (*Id.* at ¶¶ 21, 26.)  Southwell ultimately settled his bodily injury claim with the other driver's insurance company for that driver's policy limits.  (*Id.* at ¶¶ 21022, 31.)  Plaintiff complains, however, that despite his full cooperation, his own insurer, Allstate, failed to "promptly complete its evaluation and pay him for purchased UIM benefits."  (*Id.* at ¶¶ 64, 95-99, 102, 106.)

Based on these allegations, on April 6, 2020, Plaintiff commenced this action in Colorado state court.  (Doc. No. 1 at 1.)  Southwell brings three claims against Allstate: (1) breach of contract; (2) unreasonable delay or denial of payment of a claim for benefits, pursuant to Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116; and (3) common law bad faith.  (Compl. ¶¶ 100-14.)  On May 6, 2020, Defendant removed the case to federal court, pursuant to 28 U.S.C. § 1441, based on diversity of citizenship.  (Doc. No. 1 at 1-3.)

Upon removal, on May 27, 2020, Defendant filed the present Motion, asking to strike the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(f).  (Mot. 1-10.)  Defendant argues that the Complaint is a "shotgun pleading," which is "replete with unnecessary accusations, inconsistent factual assertions, and allegations that are plainly designed to expand the scope of discovery from beyond what would be necessary for this simple claim."  (*Id.* at 3.)  The insurer argues, in the alternative, that certain paragraphs of the Complaint should be stricken

as "mere recitation of legal conclusions," or as "impertinent, immaterial, and redundant matters." (*Id.* at 4, 10-11.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010). "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

Motions to strike are generally "disfavored," and "will only be granted under the rarest of circumstances." *KAABOOWorks Servs., LLC v. Pilsl*, No. 17-cv-02530-CMA-KLM, 2019 WL 1979927, at *5 (D. Colo. May 3, 2019) (citing *Sierra Club*, 173 F.R.D. at 285); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2004). Thus, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). And, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285. Irrespective of whether the moving party has met his burden to prove that allegations contained in a pleading violate Rule 12(f), the court retains discretion to grant or deny

3

the motion to strike. *See Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (reviewing a district court's ruling on a motion to strike for abuse of discretion); *see also* Fed. R. Civ. P. 12(f) (denoting only that allegations that are subject to Rule 12(f) "may" be stricken).

## ANALYSIS

### A. *Motion to Strike the Complaint as a "Shotgun Pleading"*

Allstate argues, first, that the Complaint is a "textbook example" of a "shotgun pleading," which must be stricken, in its entirety. (Mot. 7, 10.) Defendant contends, specifically, that the Complaint impermissibly "incorporates each and every prior allegation into each claim for relief, and then makes separate allegations within each delineated claim for relief." (*Id.* at 7.) The insurer likewise complains that the first ninety-nine paragraphs of the Complaint sets forth an "extended narrative" that is "exhaustive," but "entirely misleading." (*Id.* at 7-8.) Defendant contends that this "inordinately long and verbose" pleading "is contrary to the notice requirements" set out in Federal Rule of Civil Procedure 8(a)(2). (*Id.* at 5.)

Plaintiff, for his part, contends that the Complaint is "exactly the opposite" of a "shotgun pleading," and insists that the pleading "clearly state[s] a claim upon which relief can be granted." (Resp. 3-4.) Southwell contends that Allstate "simply does not agree with the particularity and format with which the claim is stated." (*Id.* at 3.)

"The law recognizes a significant difference between notice pleading and 'shotgun' pleading." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). "Shotgun pleading is a type of pleading that 'contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors.'" *Elec. Payment Sys., LLC v.*

4

*Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624-WYD-MEH, 2018 WL 6790307, at *1 (D. Colo. Nov. 28, 2018) (quoting *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011)). "[T]he shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader." *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1243 (D. Colo. 2014) (quoting *Jacobs*, 2011 WL 4537007, at *6).

In this case, the ten-page Complaint consists of 114 paragraphs. Paragraphs one through ninety-nine set forth factual matter that Plaintiff has deemed pertinent to the case, while the remaining fourteen paragraphs delineate Plaintiff's three claims for relief. The initial paragraph of each claim for relief provides the following: "Plaintiff incorporates all prior allegations as though fully set forth herein." (Compl. ¶¶ 100, 105, 109.)

In this District, as Defendant correctly points out, a plaintiff must not "recite an extended narrative at the beginning of the pleading, and proceed to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support." *Greenway*, 33 F. Supp. 3d at 1243 (quoting *Jacobs*, 2011 WL 4537007, at *6). Indeed, courts in this District have admonished litigants who purport to "incorporate by reference all prior allegations" into each of their claims. *See Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *7 (D. Colo. Feb. 18, 2020) ("[T]echnically, it is inappropriate for a plaintiff to incorporate by reference *all* prior allegations into each of her claims.") (emphasis in original); *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-cv-00463-CMA-BNB, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013) ("This Court has strongly criticized such use of 'shotgun pleading,' by which a party pleads several counts or causes of

action, each of which incorporates by reference the entirety of its predecessors."); *see also Jacobs*, 2011 WL 4537007, at *6 (finding "shotgun pleading" to be a "defect" contributing to an award of sanctions). Nevertheless, such a "technical violation" does not necessarily warrant the striking of a complaint. *Haynes*, 2020 WL 816043, at *7.

Here, although each of Plaintiff's three claims do incorporate by reference all prior allegations, the Complaint provides Defendant with fair notice of the factual and legal bases for each claim. Specifically, as to each claim, Plaintiff sets forth enough of the general conduct at issue to allow Defendant to then identify the more specific "incorporated by reference" allegations that apply to that claim. For instance, with respect to the breach of contract claim, Plaintiff alleges that, prior to the collision, he held a policy with Allstate that included coverage for UIM benefits; that he later made a claim for UIM benefits arising from the collision; and that he "is entitled to be compensated by Allstate for all damages he has incurred." (Compl. ¶¶ 100-04.) These allegations provide Allstate with "fair notice of what the . . . claim is and the grounds upon which it rests." *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Nothing more is required to meet the Rule 8(a) pleading standard. *Id.*; *see* Fed. R. Civ. P. 8(a)(2). Further, all three of Plaintiff's claims largely appear to have the same factual underpinning; thus, "[t]his is not a case where incorporating prior allegations makes it impossible to understand [the] claims." *Churchill Med. Sys., Inc. v. Rubacha*, No. 19-cv-0226-WJM-STV, 2019 WL 5894132, at *4 (D. Colo. Nov. 12, 2019); *see Haynes*, 2020 WL 816043, at *8 (observing that the incorporations of prior allegations into a claim is "more efficient," where the claims "overlap and largely involve the same conduct").

Accordingly, to the extent that Defendant seeks to strike the Complaint, in its entirety, as a "shotgun pleading," the motion is denied. *See Elec. Payment Sys.*, 2018 WL 6790307, at *2 (finding a complaint to comply with Rule 8(a)(2), even though the first paragraph of each claim for relief "repeat[ed] and realleg[ed] the foregoing paragraphs," because the remaining paragraphs within each claim for relief gave "more than enough detail for anyone reading the complaint to understand the factual basis for each of the claims").

### *B.  Motion to Strike Paragraphs 80, 81, 82, 110, and 114*

Defendant also moves to strike certain allegations in the Complaint. (Mot. 6, 10-11.) Allstate argues, specifically, that Paragraphs 80, 81, 82, 110, and 114 "merely recite legal conclusions while omitting any factual support." (*Id.* at 10-11.) The insurer is adamant that "such blanket assertions of legal conclusions violates [Rule] 8." (*Id.* at 10.) In addition, Defendant argues that the Complaint includes "factual assertions about entities not involved in this lawsuit," which are "immaterial" to Plaintiff's claims. (*Id.* at 6.)

As explained above, motions to strike under Rule 12(f) are disfavored and rarely granted. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). As such, for Allstate to succeed, the insurer must show that the specified allegations "have no bearing on the controversy," and that their presence would cause it to be prejudiced. *Id.*; *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985).

Here, there is no question that each of the challenged paragraphs has potential relevance to Plaintiff's claims. Paragraph 80, which alleges that Allstate "reduced Plaintiff's medical or rehabilitative bills in an unreasonable and unlawful manner" is unquestionably relevant to evaluating the reasonableness of the insurer's conduct. (*See* Compl. ¶ 80.) Paragraphs 81 and

7

82, which allege that "Allstate knowingly reduces medical bills in an effort to avoid paying legitimate compensation to its insureds," and that such conduct "is a standard policy at Allstate, which violates Colorado law," may ultimately prove pertinent to Plaintiff's bad faith breach of contract claim, given that such claims require proof that the insurer acted with knowledge or reckless disregard of the unreasonableness of its conduct. (*See id.* at ¶¶ 81-82); *see also Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *8-9 (D. Colo. Feb. 18, 2020) (finding similar allegations to be sufficiently relevant to an insured's claims against his insurer). Paragraphs 110, which alleges that "Allstate owed Plaintiff a duty to act in good faith in investigating, evaluating and paying his claim," and Paragraph 114, which details Plaintiff's putative damages resulting from "Allstate's breaches of its duties to its inured," are both relevant to Plaintiff's third claim for relief. (*See* Compl. ¶¶ 110, 114.) Finally, with regard to the "factual assertions about entities not involved in this lawsuit," the court finds that the Complaint's limited allegations concerning Colossus, a software program purportedly used by Defendant to evaluate Plaintiff's UIM claim, may prove relevant to a determination as to whether Allstate's claim evaluation was reasonable. (*See id.* at ¶¶ 85-86); *see also Haynes*, 2020 WL 816043, at *9 (finding nearly identical allegations to be relevant).

Further, in this case, Defendant has made no showing of prejudice from the Complaint, or from any of the specified allegations contained in Paragraphs 80, 81, 82, 110, and 114. Indeed, as to Paragraphs 80, 81, 82, 110, and 114, Defendant argues only that "blanket assertions of legal conclusions" constitute *per se* violations of the Rule 8(a)(2) pleading standard. (Mot. 10.) But the central focus of Rule 8(a)(2) is whether the complaint provides "fair notice of what the . . . claim is and the grounds upon which it rests." *Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir.

2020) (quoting *S.E.C. v. Shields*, 744 F.3d 633, 641 (10th Cir. 2014)).  Here, Allstate does not argue that Plaintiff's allegations fail to provide "fair notice" of the nature of the claims being asserted.  *Cf. Mitchell v. City of Colo. Springs, Colo.*, 194 F. App'x 497, 498 (10th Cir. 2006) (unpublished) (affirming the dismissal of a complaint that was "verbose, prolix and virtually impossible to understand," and a "rambling, massive collection of facts . . . completely lacking in clarity and intelligibility") (citation and quotation omitted).

Although Allstate argues that "many of the allegations would require Allstate to provide a narrative response," the insurer fails to explain why certain allegations would require such "narrative" responses, as opposed to mere admittances and denials under Rule 8(b)(1)(B).  (*See* Mot. 9.)  Defendant likewise contends that it will "be forced to present its defenses to the Complaint as a whole," but offers no explanation why it will be unable to distinguish between claims in asserting its defenses.  (*See id.*)  Finally, to the extent Defendant argues that the Complaint's allegations, as pled, "will make setting appropriate boundaries for [] discovery a nigh impossible task," any such concern is better resolved through this court's informal discovery dispute procedure.  (*See id.*)

On this record, then, Defendant has not sustained its burden to show that the challenged allegations have no bearing on the controversy, or that it will suffer prejudice by their presence.  Therefore, the motion to strike certain portions of the Complaint is also denied.

Accordingly, it is

**ORDERED** that the "Motion to Strike [4] Complaint Pursuant to Fed. R. Civ. P. 12(f)" (Doc. No. 16) is **DENIED**.

This 27th day of July, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge